UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARK A. DABNEY,

      Petitioner,

v.                                                         Case No. 19-C-421

CHRISTINE SUTER,

      Respondent.

---

## SCREENING ORDER

---

On March 25, 2019, Petitioner Mark Dabney, who is currently incarcerated at Gordon Correctional Center, filed this petition pursuant to 28 U.S.C. § 2254. Dabney alleges that on September 4, 2015, he pleaded guilty to an unspecified crime and was sentenced to 60 days. ECF No. 1 at 2. Dabney did not appeal. *Id.* at 3. However, on March 14, 2018, Dabney filed a motion for an amended judgment of conviction, claiming he was entitled to 79 days credit toward his sentence instead of the one day he was granted. *Id.* at 4. In other words, he claims his actual sentence should have been time served. Again, he did not appeal. In his § 2254 petition to this court, Dabney claims he "is entitled to credit for all days spent in custody 973.155 Wis. State. Stats." *Id.* at 6.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed,

> the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Dabney's petition will be dismissed for two reasons: 1) he has not exhausted his state court remedies, and 2) federal habeas relief cannot be granted for violations of state law. Regarding exhaustion, an application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847. The doctrine of exhaustion allows state courts the "initial opportunity to pass on and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (internal quotation marks omitted). A petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *Rose v. Lundy*, 455 U.S. 509 (1982); *Cruz v. Warden of Dwight Correctional Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990).

By his own admission, Dabney has not exhausted his state court remedies with regard to his claim that he was denied credit for presentence incarceration. Dabney filed two motions to amend his sentence credit in his petition, one on March 14, 2018, and the other on May 16, 2018. Dabney's motions were both denied on June 6, 28, 2018, and to date it appears he has not filed an appeal. Consequently, Dabney has failed to exhaust his state court remedies.

In addition, Dabney's petition must be dismissed because it asks the court to review a state court determination made regarding the application of state law. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Dabney's petition only concerns the application of a state law in state court. Consequently, his claim does not present a cognizable basis for granting federal relief, and his petition will be dismissed.

**THEREFORE, IT IS ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases.

Having disposed of this petition, the Court must decide whether to issue a certificate of appealability. Rule 11(a), Rules Governing § 2254 Petitions. The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of

3

appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

Here I conclude that reasonable jurists could not debate the outcome, and the petitioner has not shown the denial of any constitutional right. The certificate of appealability is therefore **DENIED**. The Clerk is directed to enter judgment forthwith.

**SO ORDERED** this  30th  day of March, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
